This is an appeal from a Hocking County Common Pleas Court judgment. The jury found Brian K. Hurst, defendant below and appellant herein, guilty of gross sexual imposition in violation of R. C. 2907.05(A)(1).
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN THE TRIAL COURT SPECIFICALLY QUALIFIED THE TWO MINOR WITNESSES, IN FRONT OF THE JURY, BEFORE PERMITTING THEM TO TESTIFY.'
SECOND ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN THE TRIAL COURT REFUSED TO GRANT DEFENSE COUNSEL'S MOTION FOR DISMISSAL AT THE CLOSE OF THE STATE'S CASE."
THIRD ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN EVIDENCE CONCERNING CHARGES INVOLVING TWO OTHER JUVENILE GIRLS AND THE DEFENDANT WAS PERMITTED TO COME BEFORE THE JURY."
FOURTH ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN LEGAL COUNSEL WAS PERMITTED TO ARGUE THE TWO CASES, BY THEN DISMISSED, INVOLVING CHARGES AGAINST DEFENDANT CONCERNING TWO OTHER TEENAGE GIRLS IN FRONT OF [T] HE JURY."
FIFTH ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED BY NOT PUTTING DEFENDANT ON THE STAND TO TESTIFY ON HIS OWN BEHALF."
SIXTH ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN THE TRIAL COURT FAILED TO INCLUDE IN THE WRITTEN INSTRUCTIONS THAT THE JURY TOOK WITH IT TO THE DELIBERATION ROOM THE INSTRUCTIONS ON THE RIGHT OF THE DEFENDANT NOT TO TESTIFY. [SIC]"
SEVENTH ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN DEFENDANT WAS SENTENCED TO A ONE-YEAR TERM OF ACTUAL INCARCERATION."
EIGHTH ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR OCCURRED WHEN NO MOTION FOR JUDGMENT OF ACQUITTAL WAS MADE AT THE END OF THE PRESENTATION OF THE CASE FOR THE DEFENSE."
NINTH ASSIGNMENT OF ERROR:
 "PREJUDICIAL ERROR WAS COMMITTED WHEN THERE WAS NO EVIDENCE TO SHOW THE AGE OF THE DEFENDANT."
TENTH ASSIGNMENT OF ERROR:
 "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND PREJUDICIAL ERROR WAS COMMITTED WHEN THE TRIAL COURT DID NOT GRANT A JUDGMENT OF ACQUITTAL, SUA SPONTE, FOLLOWING THE JURY'S VERDICT."
Our review of the record reveals the following facts pertinent to the instant appeal. On January 6, 1998, the Hocking County Grand Jury returned an indictment charging appellant with one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). On June 22, 1998, the trial court held a jury trial. On June 23, 1998, the jury returned a guilty verdict on the charge in the indictment. On September 14, 1998, the trial court sentenced appellant. On September 28, 1998, appellant filed a motion for judgment of acquittal, or in the alternative, a motion for a new trial. On October 9, 1998, appellant filed a notice of appeal.
Before reaching the merits of appellant's assignments of error, we first must consider a threshold jurisdictional issue.
The Ohio courts of appeal have jurisdiction to review the final orders or judgments of inferior courts within their district. See Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order is one which affects a substantial right and, in effect, determines the action. R.C.2505.02.
An appeal from a final order or judgment is taken by filing a notice of appeal with the clerk of the trial court within the prescribed time. App. R. 3 (A). The time limit is ordinarily thirty days. App. R. 4 (A). If a criminal defendant files a Crim.R. 33 motion for new trial, however, the time for filing a notice of appeal does not begin to run until the trial court enters an order denying the Crim.R. 33 motion. App. R. 4(B)(3).
From our review of the record in the case sub judice, it appears that the trial court did not rule upon appellant's September 28, 1998 Crim.R. 33 motion. Because the trial court has not resolved appellant's Crim.R. 33 motion, the time for filing a notice of appeal has yet to commence. See App. R. 4(B)(3). Consequently, the case below remains undetermined and we lack jurisdiction to consider the instant appeal. See Statev. Mootispaw (Mar. 22, 1995), Highland App. No. 93 CA 840, unreported, reversed on other grounds, (1996), 110 Ohio App.3d 566, 674 N.E.2d 1222; see, also, State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, unreported; State v. Rhoden (Aug. 19, 1996), Pike App. No. 95 CA 562, unreported; State v.Metz (Nov. 20, 1995), Washington App. No. 93 CA 18, unreported;State v. Miller (Jan. 11, 1995), Washington App. No. 93 CA 38, unreported. Thus, in the case sub judice we have no jurisdiction to review this matter until appellant's motion for a new trial is resolved and a proper appeal is taken. Accordingly, the appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: ___________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.